# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 21, 2013

No. 12-50840
Summary Calendar

Lyle W. Cayce
Clerk

LOUIS P. MCCASLAND, JR.; JOAN T. MCCASLAND; CASTROVILLE AIRPORT, INCORPORATED

Plaintiffs - Appellants

v.

CITY OF CASTROVILLE

Defendant-Appellee

Appeal from the United States District Court for the
Western District of Texas
5:11-CV-506

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Plaintiffs brought a 42 U.S.C. § 1983 action in federal court alleging that the city of Castroville had deprived them of property without due process of law, in violation of the Fourteenth Amendment. Specifically, Plaintiffs alleged that Castroville had denied them the right to continue leasing property at the Castroville Municipal Airport. The district court dismissed Plaintiffs' first

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-50840

amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), holding that Plaintiffs' allegations did not establish that they had any cognizable property interest in the airport premises. Plaintiffs timely appealed.

"The threshold requirement of any due process claim is the government's deprivation of a plaintiff's liberty or property interest." *DePree v. Saunders*, 588 F.3d 282, 289 (5th Cir. 2009). "Property interests, of course, are not created by the Constitution. Rather they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law–rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972).

On appeal, Plaintiffs maintain that their property interest consists of their "reasonably founded expectation that the airport would be made available for public use without unjust discrimination." Plaintiffs do not argue that they have any legally enforceable interest in the airport itself. In fact, there is no dispute that their lease of the airport property expired on April 1, 2010, after which they were evicted. The essence of Plaintiffs' argument is that the city must use fair and non-discriminatory procedures in determining whether to grant airport leases, and that the city has not done so in dealing with them. This is a concern with procedure, not with substance. Plaintiffs' arguments go to how or why they were denied a continued lease, but this elides the threshold question. Unless Plaintiffs have an entitlement to an airport lease that is sufficiently definite to be considered a property interest, the Due Process clause does not come into play.

Plaintiffs note that federal grants and land transfers to airports are generally conditioned on the airports being available for public use on reasonable conditions and without unjust discrimination, among other conditions. For example, the Secretary of Transportation may approve an airport development

No. 12-50840

grant only upon receiving assurances that "the airport will be available for public use on reasonable conditions and without unjust discrimination." 49 U.S.C. § 47107(a)(1). As explained in Federal Aviation Administration Order 5190.6B, this requires that airport space be made available to "those willing and qualified to offer aeronautical services . . . or support services" and to "noncommercial aeronautical users." Additionally, the 1949 deed by which the United States conveyed the airport land to Castroville includes a promise by Castroville to use the airport "for public airport purposes for the use and benefit of the public, on reasonable terms and without unjust discrimination." Plaintiffs do not seek to advance direct causes of action under these provisions, but rather contend that they provide "evidence" of a property-like entitlement to use of the airport.

We conclude that the agreements between the United States and the city of Castroville described above do not endow Plaintiffs with any property interest recognized by the Fourteenth Amendment. As several circuit courts have held, and as Plaintiffs appear to concede, 49 U.S.C. § 47107 and its predecessor statute do not create a private right of action for parties aggrieved by alleged discrimination. *See, e.g., Four T's, Inc. v. Little Rock Mun. Airport Comm'n*, 108 F.3d 909, 915 (8th Cir. 1997); *Northwest Airlines, Inc. v. County of Kent*, 955 F.3d 1054, 1058-59 (6th Cir. 1992); *Interface Group, Inc. v. Mass. Port Authority*, 816 F.2d 9, 15 (1st Cir. 1987). We recognize that an administrative enforcement scheme exists through which a complainant may challenge a federally assisted airport's non-compliance with federal obligations. *See generally* 14 C.F.R. §§ 16.1-.247. Nevertheless, because third parties such as Plaintiffs stand to receive only indirect or incidental benefits from any administrative enforcement action against a non-compliant airport, this administrative enforcement scheme does not vest property interests in third parties. *See Town of Castle Rock v. Gonzales*, 545 U.S. 748, 767-68 (2005).

No. 12-50840

Plaintiffs also contend that they have a liberty interest in "be[ing] given equal opportunities as others in the community are given to contract and/or lease said property." Plaintiffs correctly note that the Supreme Court has held that the "liberty" guaranteed by the Fourteenth Amendment includes "the right of the individual to contract" and "to engage in any of the common occupations of life." *Roth*, 408 U.S. at 572. However, Castroville has not impaired the rights of Plaintiffs to enter into contracts – it has simply refused to enter into a particular contract that Plaintiffs have proposed. Similarly, Castroville has impaired Plaintiffs' right to engage in their aeronautical services profession only in an indirect sense, by refusing to lease them property that they would prefer to use. Plaintiffs remain free to engage in their chosen profession at locations other than the Castroville Municipal Airport. Importantly, Castroville has not imposed any type of onerous regulation upon Plaintiffs. Rather, acting as a market participant, Castroville has merely refused to enter into a commercial transaction with Plaintiffs. Plaintiffs provide no authority recognizing a liberty interest similar to that which they propose.

## CONCLUSION

Because Plaintiffs' allegations do not establish an infringement of any property or liberty interest, we AFFIRM the judgment of the district court.